FILED & JUDGMENT ENTERED
David E. Weich

Aug  20  2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | |
| **Keith Michael Auton** | ) | **Case No. 10-10437** |
| **SS#: xxx-xx-6901** | ) | |
| **Mary Esther Auton** | ) | **Chapter 7** |
| **SS#:  xxx-xx-7549** | ) | |

## ORDER DISMISSING CASE

This cause coming on to be heard before the afore signed, United States Bankruptcy Judge, upon the *Motion to Dismiss* filed by the Office of the United States Bankruptcy Administrator.  At the hearing held August 18, 2010, Alexandria P. Kenny appeared for the Bankruptcy Administrator, and the Debtors were represented by counsel, R. Kelly Calloway.  The Court finds and orders as follows:

1. On April 23, 2010 the Debtors filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.  The presumption of abuse arose under 11 U.S.C. § 707(b)(2) on the Debtors' Form 22A filed with the petition.

    a. The Debtors had annualized current monthly income for purposes of 11 U.S.C. § 707(b)(7) of $91,709.88, which was more than the applicable median family income for a household size of two (2) of $52,008.00.  Therefore, the Debtors were required to complete Parts IV, V, VI, and VII of Form 22A.

    b. For purposes of 11 U.S.C. § 707(b)(2), the Debtors' current monthly income was $7,642.49, their total allowed deductions were $7,086.72, their monthly disposable income was $555.77, and their sixty (60) month disposable income was $33,346.20.

c.      Because the Debtors' 60-month disposable income under 11 U.S.C. §
707(b)(2) was more than $10,950.00, the presumption of abuse arose.

d.      The presumption of abuse may only be rebutted by demonstrating
special circumstances, such as a serious medical condition or a call or
order to active duty in the Armed Forces (11 U.S.C. § 707(b)(2)(B)(i)).

2.      A review of the Debtors' Schedules reveals the following:

a.      Schedule I indicates that the Debtors earn $7,791.72 in monthly gross
wages, salary, and commissions, and their combined average monthly
income is $6,019.02.

b.      Schedule J indicates the Debtors' average monthly expenses are
$5,825.53 and that  their monthly net income is $193.53.

3.      Based on the totality of the circumstances, the Debtors have sufficient net
monthly income to fund a Chapter 13 Plan and cannot rebut the presumption of
abuse.  The filing of this Chapter 7 proceeding also constitutes an abuse of the
provisions of Chapter 7 pursuant to 11 U.S.C. § 707(b)(1).

4.      At the hearing held on the Motion to Dismiss on July 21, 2010, the Debtors
were given the opportunity to convert their case to one under Chapter 13 on or
before August 18, 2010 or their case would be dismissed.  The Motion to
Dismiss was continued until August 18, 2010.

5.      Because the Debtors failed to convert their case to one under Chapter 13 on or
before August 18, 2010, cause exists to dismiss their case.

Wherefore, based upon the foregoing and the entire record in this case, it is hereby
ORDERED

1.      Schedules I and J control when determining if there is sufficient income to fund
a Chapter 13 Plan.

2.      The Debtors have sufficient income to fund a Chapter 13 Plan.

3.      Because the Debtors failed to convert their case to Chapter 13 on or before
August 18, 2010, their case is dismissed.

*This Order has been signed electronically.*                        *United States Bankruptcy Court*
*The judge's signature and court's seal appear*
*at the top of the Order.*